CHAFLIN (UNITED STATES v.). See Case No. 14,775.

CHAIN AND ANCHOR (CROWELL v.). See Case No. 3,443.

CHAIN CABLE (UNITED STATES v.). See Case No. 14,776.

CHALMERS v. HOWELL. See Cases Nos. 9,302 and 9,303.

---

## Case No. 2,573a.

CHALMERS SPENCE PAT. NON-CONDUCTOR CO. v. CRAMP et al.

[5 Ban. & A. 66.] [1]

Circuit Court, E. D. Pennsylvania. Jan., 1880.

PATENTS—"STEAM BOILER COVERING"—VALIDITY.

The letters patent, No. 55,598, granted June 19th, 1866, to John Ashcroft, the claim of which is for "covering a steam boiler, pipe or other heater with felt or other non-conducting material, when the latter is supported on a framework removed from and surrounding the former, not being in direct contact, but having an air-space intervening between said felt and boiler, pipe or other heater, constructed and operated substantially in the manner described and for the purpose set forth:" Held, to be valid.

[Cited in Chalmers Spence Patent Non-Conductor Co. v. Pierce, 9 Fed. 152.]

[In equity. Bill for injunction by Chalmers Spence Patent Non-Conductor Company against William H. Cramp and others for the alleged infringement of letters patent No. 55,598, granted to John Ashcroft June 19, 1866.]

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

E. B. Barnum, for complainants.

Charles B. Collier and W. W. Ledyard, for defendants.

McKENNAN, Circuit Judge. There is no substantial contest here touching the infringement of the complainants' patent by the defendants. Indeed, there is no denial of infringement in the answer as charged in the bill. The defence is rested upon the alleged invalidity of the patent, for the reason that the patentee was not the first and original inventor of the thing claimed; and various patents are referred to and allegations of prior use are made, which are charged as anticipatory of the patentee's invention. A careful consideration and comparison of the patents referred to and of the devices proved, although indefinitely and unsatisfactorily, to have been used experimentally before the date of the patent in controversy, have led me to the conclusion that they are substantially distinguishable, and that the assault upon the patent must be regarded as having failed. I do not propose to assume the burden of stating in detail the reason for this conclusion, but to express it generally, and to direct that a decree for an injunction and an account be entered in favor of the complainants.

[NOTE. For another case involving this patent, see Chalmers Spence Pat. Non-Conductor Co. v. Pierce, 9 Fed. 152.]